Filed 7/12/16  P. v. Silberman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DUSTIN ZACHARIAH SILBERMAN,<br><br>Defendant and Appellant. | F070893<br><br>(Super. Ct. No. CRF45224)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

William Wei Lee, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jessica C. Leal, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Poochigian, Acting P.J., Franson, J. and Peña, J.

Appellant Dustin Zachariah Silberman appeals his convictions on charges of possession of a firearm by one with a prior violent offense (Pen. Code, § 29900, subd. (a)/count 1) and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)/count 3). Appellant contends the trial court prejudicially erred when instructing the jury at his trial by failing to instruct on a proposed defense and failing to include an instruction related to expert testimony. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Around 2:00 a.m. on the morning of September 15, 2014, Sonora Police Sergeant Turu Vanderwiel was flagged down by a citizen who reported two people were on the back porch of a nearby house that should have been vacant. Sergeant Vanderwiel drove to the residence to investigate. When he arrived, he encountered two suspects, appellant and Brandon Jourdan.

After asking why appellant and Mr. Jourdan were at the property, Sergeant Vanderwiel inspected the back porch for signs of a break-in. In the course of that search, Sergeant Vanderwiel located a handgun in plain view, near some furniture. The gun was loaded, with four rounds in the magazine but none in the chamber. As Sergeant Vanderwiel worked to retrieve the weapon, he moved a drawer that was in his way. In doing so, Sergeant Vanderwiel discovered a silver pill bottle that was later found to contain 1.026 grams of heroin. Further inspection of appellant and Mr. Jourdan's arms showed what Sergeant Vanderwiel believed to be fresh venipuncture marks.

Initially, appellant professed to know nothing of the gun or the drugs. In a later statement, however, appellant said he discovered the gun while working at the residence, although appellant gave conflicting accounts on where, claiming to have found the gun both in the living room and in a box on the back porch. Appellant asserted he hid the gun under some furniture and admitted to handling the weapon for about five minutes. Appellant was able to describe the gun, including the fact that it was loaded but had no

2

bullet in the chamber, and suggested his finger prints might be found on the top round in the magazine because he had touched that bullet.

Appellant testified on his own behalf at trial. On the stand, he provided a different account of the gun's origin. Appellant testified the gun belonged to Mr. Jourdan. Appellant first saw the gun a couple of days before his arrest, when Mr. Jourdan brought it to the house where appellant was residing. Appellant told Mr. Jourdan to leave at that time because appellant could not be around firearms. Appellant next saw the gun on the night of his arrest when Mr. Jourdan produced the gun from a backpack. In this instance, appellant told Mr. Jourdan he could not have the gun in appellant's presence before taking the magazine from Mr. Jourdan and attempting to unload it so he could dispose of the bullets. Appellant further testified that he never possessed the firearm and, to the extent of his recollection, never touched that actual handgun.

With respect to the discovery of the heroin, the parties stipulated to the nature and amount of the drugs found. At trial, Sergeant Vanderwiel testified to more than 16 years of experience with drug cases, including cases involving heroin, and more than 35 hours of formal training in the identification, use, manufacturing, and sales of narcotics. When asked whether 1.026 grams of heroin was a usable quantity, Sergeant Vanderwiel responded, "[a]bsolutely," before going on to discuss the fact that injection was the most common method of ingestion for heroin. No objections were made and Sergeant Vanderwiel was neither offered nor qualified as an expert on narcotics. On cross-examination, appellant's counsel questioned Sergeant Vanderwiel on whether 1.02 grams of heroin was an amount consistent with personal use and on how heroin users typically inject the drug, ultimately confirming that none of the expected paraphernalia for use, such as needles or cotton balls, were found with the drugs.

Appellant was also asked questions regarding drug activity on the porch. On cross-examination, appellant conceded he knew there would likely be drug use on the

3

porch that night due to Mr. Jourdan's stated desire to "get loaded" before they headed to the back porch.

During the resolution of jury instruction disputes, appellant objected to the People's request to strike the portion of CALCRIM No. 2511 which details the momentary possession defense to the charge of possession of a firearm by a felon and requested the instruction be given. Later, after the People's closing argument, appellant again requested an instruction on the momentary possession defense, alleging the People had opened the door to the defense by improperly arguing the law of possession. The trial court rejected both requests.

Appellant was ultimately convicted of being a felon in possession of a firearm and of possessing a controlled substance, but found not guilty of carrying a loaded firearm in public. This appeal timely followed.

## DISCUSSION

Appellant raises two allegations of instructional error. First, appellant contends the trial court improperly rejected his request for an instruction on the momentary possession defense. Second, appellant argues the trial court was required, but failed, to instruct the jury on the weight to be given expert opinion testimony pursuant to Penal Code section 1127b. In both instances, appellant states he suffered prejudice from the lack of proper instructions.

### *Standard of Review and Applicable Law*

"A trial court is required to give a requested instruction on a defense only if substantial evidence supports the defense." (*People v. Panah* (2005) 35 Cal.4th 395, 484.) Where substantial evidence is lacking, "the court does not err in refusing to give instructions based on that defense." (*People v. Mayberry* (1975) 15 Cal.3d 143, 151.) On appeal, we "ask only whether the requested instruction was supported by substantial evidence." (*People v. Mentch* (2008) 45 Cal.4th 274, 288.)

4

When the opinion of an expert witness is received in evidence, the trial "court shall instruct the jury substantially as follows:  [¶]  Duly qualified experts may give their opinions on questions in controversy at a trial.  To assist the jury in deciding such questions, the jury may consider the opinion with the reasons stated therefor, if any, by the expert who gives the opinion.  The jury is not bound to accept the opinion of any expert as conclusive, but should give to it the weight to which they shall find it to be entitled.  The jury may, however, disregard any such opinion if it shall be found by them to be unreasonable."  (Pen. Code, § 1127b.)

"Whether or not to give any particular instruction in any particular case entails the resolution of a mixed question of law and fact" which "should be examined without deference."  (*People v. Waidla* (2000) 22 Cal.4th 690, 733.)

*Momentary Possession Instruction*

Appellant argues the trial court wrongly denied his request for an instruction on the defense of momentary possession, prejudicially harming him.  The momentary possession defense was developed in the context of narcotic possession charges, but it has been regularly considered in the context of firearm possession cases.  (*People v. Hurtado* (1996) 47 Cal.App.4th 805, 810-814 (*Hurtado*).)  The defense essentially requires a defendant to admit to possession, but excepts that possession from criminal consequences if certain criteria are met.  (*People v. Martin* (2001) 25 Cal.4th 1180, 1190-1191.)  The criteria are that:  (1) the possession is "momentary" and "based on neither ownership nor the right to exercise control over" the item; (2) the item is "possessed in furtherance of its abandonment or destruction"; (3) the item is possessed "for the purpose of terminating the unlawful possession of it by another person or preventing another person from acquiring possession of it"; and (4) "control is not exercised over the [item] for the purpose of preventing its imminent seizure by law enforcement."  (*Id.* at 1186, fn.7, 1190 [concluding defense instruction should be made pursuant to the original version of CALJIC No. 12.06].)

5

Appellant admits there is a complete lack of evidence suggesting he possessed a firearm in furtherance of its abandonment or destruction. However, relying on the policy principles underlying the momentary possession defense— encouraging disposal and discouraging retention of dangerous items—appellant argues his attempt to remove ammunition from the magazine shows an intent to render the firearm less dangerous, warranting the defense. (See *Hurtado*, *supra*, 47 Cal.App.4th at p. 813.) We disagree.

The Legislature has separately criminalized both the possession of a firearm and the possession of ammunition by a felon. (Pen. Code, §§ 29900, 30305.) This structure is appropriate because an unloaded gun is a serious threat, particularly in the hands of a previously convicted felon. (*People v. Lopez* (2004) 119 Cal.App.4th 132, 138 [noting possession of an unloaded firearm can aid a person committing another crime by being used as a club or causing the victim to fear it is loaded]; *People v. Bell* (1989) 49 Cal.3d 502, 544 [noting permissible presumption in Dangerous Weapons Control Act that danger is greater when the person possessing a firearm has previously been convicted of a felony].) In the context of Penal Code section 29900, a firearm is defined to include "the frame or receiver of the weapon" alone and even an unloaded antique firearm. (Pen. Code, § 16520, subds. (b), (d).)

Given the separate nature of possessing a firearm and possessing ammunition, we cannot accept appellant's invitation to extend the boundaries of the momentary possession defense to excuse possession of an unloaded firearm simply because the ammunition disposed of was within the firearm to begin with. Even if we presume appellant was attempting to dispose of the ammunition, he still illegally possessed a firearm and made no attempt to dispose of the instrument defining the scope of the crime. The trial court correctly rejected appellant's request for a momentary possession instruction because there was no evidence of any quality to support the request.

*Expert Opinion Instruction*

Next, appellant contends the trial court failed to instruct the jury on expert witness testimony pursuant to Penal Code section 1127b and that such failure was prejudicial. Under Penal Code section 1127b, when the opinion of an expert witness is received into evidence, the trial court must instruct the jury in substantially the same form as provided in the statute. Although mandatory, failure to give an instruction similar to Penal Code section 1127b is not prejudicial error "unless the reviewing court, upon an examination of the entire cause, determines that the jury might have rendered a different verdict had the omitted instruction been given." (*People v. Lynch* (1971) 14 Cal.App.3d 602, 610 (*Lynch*).)

This argument arrives in a unique form. While appellant argues the court erred in failing to give the expert testimony instruction, he does not challenge the introduction of the allegedly expert testimony (which came in without objection at the time[1] and was further developed in cross-examination), nor does he directly challenge the sufficiency of the evidence to support the jury's implicit finding that the 1.026 grams of heroin was a usable quantity. Rather, arguing that according to the required instruction the jury could have chosen not to accept Sergeant Vanderwiel's opinion that the amount of heroin found was usable, appellant suggests we must reverse because the jury could have reached a more favorable conclusion had they been properly instructed. We disagree and conclude any alleged error was harmless.

Assuming, even without objection, Sergeant Vanderwiel's statement that 1.026 grams of heroin is absolutely a usable amount should be treated as expert testimony triggering the trial court's sua sponte duty to instruct in line with Penal Code section

---

[1] The introduction of such evidence without objection typically forfeits any claim its introduction was erroneous. (*People v. Partida* (2005) 37 Cal.4th 428, 433-434; see also *People v. Medina* (1995) 11 Cal.4th 694, 729 [failure to object to allegedly improper lay opinion forfeited argument evidence was wrongly admitted].)

1127b, we do not agree the jury might have rendered a different verdict had the instruction been given. (See *Lynch*, *supra*, 14 Cal.App.3d at p. 610.) Without minimizing the reasonable doubt requirement, proving the presence of a useable amount in the context of possession claims is not a substantial hurdle. A usable amount is simply more than a trace amount, provided the "substance is in a form and quantity that can be used. No particular purity or narcotic effect need be proven." (*People v. Rubacalba* (1993) 6 Cal.4th 62, 66.)

Even without the contested statement, the evidence presented at trial strongly indicated more than a trace amount was present. A full gram of heroin was found at a location where appellant admitted he and Mr. Jourdan were present in order for Mr. Jourdan to use drugs, and where both were found with recent venipuncture marks on their arms. Moreover, Sergeant Vanderwiel was not presented to the jury as an expert, nor, apparently, referred to one in their presence. He was, at least as presented to the jury, a lay witness. In that vein, the jury was instructed, in line with CALCRIM 200, that it alone is responsible for determining the facts of the case and, under CALCRIM 226, that it "alone must judge the credibility or believability of the witnesses," "setting aside any bias or prejudice" each member might have, thus minimizing any potential prejudice in failing to give the expert testimony instruction. (*Lynch*, *supra*, 14 Cal.App.3d at pp. 609-610.)

Given the limited, one-word nature of Sergeant Vanderwiel's alleged expert testimony, the strong evidence showing the 1.026 grams was a useable amount, and the protective instructions lessening the possibility the jury could assign impermissible weight to Sergeant Vanderwiel's statement, we conclude any error was harmless.

## DISPOSITION

The judgment is affirmed.

8